HENRY HUBER CO. v. ROGERS (three cases).

(Supreme Court, Appellate Division, First Department.    February 3, 1911.)

1. REFERENCE (§ 8*)—GROUNDS—PROOF.

A trial justice, without any papers before him showing that the trial of an action would necessitate the examination of a long account, and would not involve difficult questions of law, could not refer the issues.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 13–23; Dec. Dig. § 8.*]

2. REFERENCE (§ 29*)—ORDER OF REFERENCE—BASIS—RECITAL.

An order of compulsory reference should contain a recital of the papers considered by the trial justice as the basis of the order.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 49–53; Dec. Dig. § 29.*]

Appeal from Trial Term, New York County.

Action by the Henry Huber Company against Charles F. Rogers. Separate appeals by defendant from an order of compulsory reference, and from an order denying a motion to resettle such order by reciting therein the papers on which it was based, and from an order denying a motion to vacate the order of reference as irregular under General Practice Rule 3.    Order of reference vacated.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MILLER, CLARKE, and DOWLING, JJ.

Alexander B. Siegel, for appellant.
Donald McLean, for respondent.

McLAUGHLIN, J.    Three separate appeals (1) from an order of compulsory reference; (2) from an order denying a motion to resettle such order by specifying therein the papers upon which it was granted; and (3) from an order denying a motion to set aside the same as irregular under rule 3 of the general rules of practice, in that the same failed to specify the papers upon which the order of reference was made.    The three appeals were argued together.    The order of reference and the whole of it, omitting the caption and the initials of the judge, is as follows:

"This cause having duly come on to be tried at a Trial Term, Part XIV of this court, held in and for the county of New York at the county courthouse, borough of Manhattan, city of New York, and it appearing to the satisfaction of the court that the trial will require the examination of a long account, and that a trial by jury is impracticable, and that the trial does not involve any difficult question of law:  Now, on motion of the court, it is ordered that this cause and all the issues therein are hereby referred to William Klein, Esq., of New York City, as referee, to hear and determine."

The record on appeal consists simply of the notice of appeal, the order referred to, and an affidavit to the effect that no opinion was delivered other than oral statements made by the learned trial justice withdrawing a juror and directing the reference, which statements the appellant's counsel is unable to obtain.    So far as appears, therefore, there is no basis for the order.    It was not predicated upon the pleadings or the testimony taken during the trial if a trial were

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

entered upon. From the affidavit of counsel it would seem that the trial had been begun at least to the extent of selecting a jury. The trial justice could not without any papers before him showing that the trial would necessitate the examination of a long account, and that it would not involve any difficult questions of law, refer the issues. If that fact appeared from the pleadings, admissions of counsel, or the testimony taken upon the trial, then the order should specify that the pleadings, admissions, and testimony were considered; and from them the court had reached the conclusion that the case was a proper one to be referred. The appellant's counsel endeavored to have the order resettled so that it should contain a recital of the papers considered by the judge in referring the issues, but his efforts in this direction were unavailing, as were also his efforts to have the order vacated as irregular, in that it did not contain such recitals. The two latter orders, therefore, would seem to be an adjudication that no papers or testimony were considered. Obviously an order of reference made in that way cannot be permitted to stand. I am of the opinion the order of reference should be vacated; there being no basis for it. The order of reference being vacated, the other two appeals fail, but, inasmuch as the appellant was put to the expense of taking the appeals, I think he should be allowed $10 costs and disbursements in each case.

The order directing a reference is reversed, with $10 costs and disbursements, and appellant is allowed $10 costs and disbursements in each of the other appeals. All concur.